STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-41

MAINETODAY MEDIA, INC.,

    Plaintiff

v.

**DECISION ON
APPEAL**

MAINE STATE POLICE,

    Defendant

In 2013, a police officer with the Hallowell Police Department reported a sexual assault which she alleged was committed by the Chief of the Hallowell Police Department. As a result, and in accordance with standard procedure, an investigation was conducted by the Maine State Police. This investigation was completed in October of 2013. In spite of repeated demands by the Plaintiff, the Maine State Police have refused to disclose the contents of their investigation. The District Attorney has not initiated prosecution of the accused based upon the officer's complaint.

Counsel for both the accusing officer and the accused Chief have made a number of public statements and disclosures with regard to the circumstances. The disclosures have appeared in the newspapers which are represented by the Plaintiff. The Plaintiff, which represents the Kennebec Journal, Portland Press Herald, and Morning Sentinel, appeals the investigative and prosecuting agency's refusal to publicly disclose, filed pursuant to M.R. Civ. P. 80C, and 1 M.R.S. § 409(1).

Title 1 M.R.S. §§ 401-414 is the Freedom of Access Act (FOAA) in Maine law. This requires that records of public proceedings be open to public inspection. It requires that the body of law under the FOAA be liberally construed "to promote its underlying purposes and policies as contained in the declaration of legislative intent." 1 M.R.S. § 401. It states that "public records" means any written or electronic data in the possession or custody of an agency or public official that has been received or prepared for use in connection with the transaction of public or governmental business except records that have been designated confidential by statute. 1 M.R.S. § 402(3). These records may also include public criminal history records as defined in 16 M.R.S. § 703(8). The public has a right to inspect and copy any public records during reasonable office hours. A refusal by an agency having custody and control of a public record must be by written notice of denial, stating the reason for the denial. 1 M.R.S. § 408-A. Any person aggrieved by a refusal or denial to inspect the public records under section 408-A may appeal the refusal to the Superior Court, which shall hold a *de novo* proceeding. 1 M.R.S. § 409(1).

Dissemination of criminal history record information by a Maine criminal justice agency is governed by the Criminal History Record Information Act, 16 M.R.S. §§ 701-710. It differentiates between public criminal history record information and confidential criminal history record information. 1 M.R.S. § 702. Specifically, confidential criminal history record information includes information disclosing that the prosecutor has elected not to initiate or approve criminal proceedings. 16 M.R.S. § 703(2)(C). Criminal history record information includes such information as arrests, bail, formal criminal charges, indictments, and the like, but does not include "intelligence and investigative record

2

information as defined in § 803." 16 M.R.S. § 703(3). Confidential criminal history record information may only be disseminated through a specific list of persons and agencies not applicable in the present case. 16 M.R.S. § 705.

The Intelligence and Investigative Record Information Act, 16 M.R.S. §§ 801-809, defines "intelligence and investigative record information" as that information "collected by or prepared by or at the direction of a criminal justice agency or kept in the custody of a criminal justice agency while performing the administration of criminal justice[.]" 16 M.R.S. § 803(7). Among other things, it includes information of record concerning investigative techniques and procedures. It does not include criminal history record information as defined in 16 M.R.S. § 703(3). *Id.* Other than with specific exception, a record that contains intelligence and investigative record information is confidential and may not be disseminated by a criminal justice agency to any person if there is a reasonable possibility public release or inspection of the record will interfere with law enforcement proceedings or constitute an unwarranted invasion of personal privacy. 16 M.R.S. § 804(1), (3). The exceptions are listed in 16 M.R.S. §§ 805 and 806, but subject to "reasonable limitations imposed by a Maine criminal justice agency to protect against the harms described in section 804 . . . ." 16 M.R.S. § 806. It is a criminal offense for a person to knowingly and intentionally unlawfully disseminate confidential intelligence and investigative record information. 16 M.R.S. § 809.

Plaintiff asserts that the investigative information in the possession of the Maine State Police is a "public record" pursuant to 1 M.R.S. § 402(3). As such, they argue that the public has a right to inspect and copy the public records pursuant to 1 M.R.S. §

3

408-A, as the statute should be liberally construed by 1 M.R.S. § 401. Accordingly, Plaintiff asks the court to determine that the refusal of the Maine State Police to disclose the results of its investigation is not for just and proper cause and enter an order of disclosure, if necessary with appropriate redaction.

The Plaintiff argues that the amount of information regarding the details of the incident in question as disclosed by public statements of counsel for both the officer and the Chief has removed any expectation of privacy on the part of either party and therefore release of the investigative information would not constitute an unwarranted invasion of personal privacy. Further, if there is such an invasion, the public interest in disclosure of such information outweighs any privacy concerns that might remain after the public statements. This is particularly important in light of the fact that the accused is the Chief of Police of a Maine city, and therefore a person occupying a highly responsible position. The fact that position is Chief of a law enforcement agency enhances the public interest. The Plaintiff notes the necessity of transparency in government and asserts the importance of reviewability by the public to address any issues of the diligence of the Maine State Police investigation or the operation of the Hallowell Police Department.

The Defendant, on the other hand, invokes the public policy as expressed in a large number of statutory provisions which relate to the protection and privacy interest of persons involved in criminal investigations, particularly those alleging matters of a sexual nature.[1] To that end, the State argues that the release of the information in question

---

[1] Title 5 M.R.S. §§ 90-B, 3360-M, 4656; 17-A M.R.S. § 1176, 1177; 24 M.R.S. § 2986; 25 M.R.S. § 7821.

4

would clearly be unwarranted in light of the privacy interests that remain in both the accuser and the accused. It argues that the investigation report is not a public record but instead is confidential criminal history record information. Further, the State argues that the dissemination of the information would interfere with the operations of law enforcement in terms of investigative technique and relationship with alleged victims of sexual assault.

Pursuant to its request, the court authorized the filing of an amicus brief by the Maine Coalition Against Sexual Assault who cited relevant statistics with respect to the experience in the State of Maine of sexual violence. The group notes, "victim concerns with confidentiality and privacy remain the most significant reasons why sexual assault crimes go unreported." *Citing* Jessica Mindlin & Liani Jean Heh Reeves, *Confidentiality and Sexual Violence Survivors: A Toolkit for State Coalitions*, THE CENTER FOR LAW & PUB. POLICY ON SEXUAL VIOLENCE, NAT'L CRIME VICTIM LAW INST. (2005). "[S]hame, fear and deep-seated cultural notions that the woman is somehow to blame" can be compounded when victims lack control over how and when information concerning the assault becomes public. *See* RAPE AND SEXUAL ASSAULT, http://www.pbs.org/kued/ nosafeplace/studyg/rape.html (last visited Sept. 12, 2014). The Coalition asks the court to adopt a victim-centered approach when balancing the public interest in the disclosure of intelligence and investigation records against the victim's right to privacy.

All parties cite to *Blethen Maine Newspapers, Inc. v. State*, 2005 ME 56, 871 A.2d 523. In that case, the plaintiff asked the court to require the disclosure of investigative records held by the office of the Maine Attorney General relating to allegations of sexual

5

abuse by eighteen deceased Roman Catholic priests. *Id.* at ¶ 2. Upon refusal, Blethen sought judicial review of the Attorney General's decision. The Superior Court vacated the Attorney General's denial and ordered full disclosure. *Id.* The Law Court affirmed the court's judgment to the extent that it ordered the disclosure of the records but concluded that the court should have also ordered the records redacted so as to eliminate names and other identifying information of the living persons cited in the record. *Id.* The Court noted the exceptions of disclosure of intelligence and investigative information under a previous version of the statute (15 M.R.S. § 614(1)). *Id.* at ¶ 12. It made note of the eleven exceptions, including

> (1) protecting the integrity of criminal prosecutions and the constitutional right of those charged with crimes to a fair and impartial jury; (2) maintaining individual privacy and avoiding the harm that can result from an unjustified disclosure of sensitive personal or commercial information; and (3) ensuring the safety of the public and law enforcement personnel.

*Id.* The Court noted that the Superior Court had employed a balancing test developed by the United States Supreme Court considering the Federal Freedom of Information Act (FOIA), 5 U.S.C. §552, privacy exceptions. *Id.* at ¶ 14. It noted that "the disclosure of investigative records is not permitted if the invasion of personal privacy is determined to be unwarranted when weighed against the identified public interest that will be served by disclosure." *Id.* The Court then went on to examine the personal privacy interests of the alleged victims, witnesses, and deceased priests in maintaining the confidentiality of the records sought by Blethen, the public interest supporting disclosure of the records, and the balancing

6

of the private and public interests. *See id.* The Court noted that the Superior Court had found the privacy interest of the victims, witnesses, and priests had been extinguished by prior public disclosures, the manner in which the information came into the possession of the Attorney General, and the death of the priests who were subject to the allegations. *Id.* at ¶ 16.

Noting the requirements of a Federal decision, that the agency requesting disclosure of such investigative information "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," *Id.* at ¶ 30 (citing *National Archives and Records Administration v. Favish*, 541 U.S. 157, 124 S. Ct. 1570 (2004)), the decision in the *Blethen* Court rejected the *Favish* principle, indicating that "FOAA's central purpose of ensuring the public's right to hold the government accountable would be unnecessarily burdened if we adopted *Favish's* evidentiary requirement for purposes of a case such as this, involving a request for written investigative records concerning events that occurred two or more decades ago." *Blethen*, 2005 ME 56, ¶ 32, 871 A.2d 523. Accordingly, Plaintiff argues that *Favish* has been rejected by the Court as precedent in this State which requires this Superior Court to honor the arguments of its petition. On the other hand, the Defendant specifically notes that four judges on the Maine Supreme Judicial Court concluded that *Favish* was a necessary part of the Superior Court's responsibility, through the concurrence of the Chief Justice and a dissenting opinion of three justices disagreeing with the decision's "rejection of the principles outlined in *National Archives and Records Administration v. Favish*, 541 U.S. 157, 124 S. Ct. 1570, 158 L.Ed.2d 319 (2004)." *Id.* at

7

¶ 41 (Saufley, C.J., concurring).

The Chief Justice's concurring opinion noted, "Unlike many other governmental records, and for the policy reasons stated in the dissenting opinion, the Legislature did not intend for such investigatory information to be *presumed* accessible to the public pursuant to Maine's Freedom of Access Act (FOAA), 1 M.R.S. §§ 401-410 (1989 & Supp. 2004)." *Id.* at ¶ 43 (emphasis in original). The concurring opinion went on to state that there is a distinction between ordinary public records and criminal investigation records established by history, and noted that the central purpose of the FOIA, is to "ensure that the government's activities are open to scrutiny, not to make available information about private citizens." *Id.* at ¶ 44 (citing *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 774, 109 S. Ct. 1468, 103 L.Ed.2d 774 (1989)). The Chief Justice then went on to concur with the dissent that in the absence of the allegation of governmental wrongdoing, the interests in protection of the witnesses, victims, informants, and others would outweigh the public interest. *Id.* at ¶ 46. However, she then concluded that there was a credible allegation of governmental misconduct where there were serious allegations of child sexual abuse without prosecution over an extended period of time making it equivalent to an allegation of governmental misconduct. *Id.* at ¶ 47.

The dissenting opinion comments that the intelligence and investigation information is essential to the relationship between a government and its citizens:

> Collection of such information depends upon the willingness of private citizens to voluntarily provide information, as well as the unique power of the government to compel citizens to disclose

information through the exercise of its warrant and subpoena authority. The use and dissemination of intelligence and investigative information by prosecutors and law enforcement agencies are vital to effective law enforcement and to the protection of individual rights.

*Id.* at ¶ 57 (Clifford, Rudman, and Alexander, JJ., dissenting).

In *Favish,* an action was brought under the United States FOIA to compel production of death-scene photographs of the body of the deputy counsel to the President of the United States who had died of apparent suicide. 541 U.S. at 160-61. The Court held that the FOIA recognizes surviving family members' right to personal privacy with respect to their close relative's death-scene images and the family's privacy interest outweighed the public interest in disclosure. *Id.* at 170-71. The Court specifically noted:

> ]T]he public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred. In *Department of State v. Ray*, 502 U.S. 164, 112 S. Ct. 541, 116 L.Ed.2d 526 (1991), we held there is a presumption of legitimacy accorded to the Government's official conduct. *Id.*, at 178-179, 112 S. Ct. 541. The presumption perhaps is less a rule of evidence than a general working principle. However the rule is characterized, where the presumption is applicable, clear evidence is usually required to displace it. Cf. *United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 134 L. Ed.2d 687 (1996) ("'[I]n the absence of clear evidence to the contrary, courts presume that [Government agents] have properly discharged their official duties.'"); *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15, 47 S. Ct. 1, 71 L. Ed. 131 (1926).

*Id.* at 174.

Concluding that the principles established in *Favish* are the standards to be applied

by this court as opined by four members of the Maine Supreme Judicial Court in *Blethen*, this court finds an absence of evidence, or even an indication, of improper techniques and conclusions committed by the Maine State Police in its investigation. The court finds no wrong doing in the conclusions of the Office of the District Attorney.

The court, in conducting its *in camera* review, finds an overwhelming amount of very personal intimate information going far and beyond that having been disclosed by counsel for the parties. Disclosure would serve no public interest and would be completely unwarranted in light of all the circumstances. Furthermore, the disclosure of information obtained by questions to persons other than the officer or the Chief would be completely unwarranted under any circumstances. Disclosure of such personal intimate information would seriously interfere with the ability of law enforcement to obtain information in the instances of sexual matters, especially in instances of criminal sexual activity in light of the well known reluctance on the part of sexual assault victims to discuss disclosure of the details far and above what was contained in the accusation itself. This is particularly true of information not admissible as a matter of the Rules of Evidence or as a matter of protective statutes. Public disclosure would have a profound effect on future potential victims.

As to the public interest, particularly by the citizens of the City of Hallowell in the operation of its police department, the court notes that the Office of the District Attorney has provided to the office of the Manager of the City the investigative records on a confidential basis. To that extent, this information would relate to the authority of the City management in dealing with personnel matters which have their own body of

10

statutory confidentiality. See 30-A M.R.S. §§ 2702(1)(B)(5), 503(1)(B)(5); 5 M.R.S. § 770(2)(b). Thus, the records in that regard relate to the management responsibilities of the City and its police department rather than criminal prosecution.

For the reasons stated herein, the entry will be:

> Appeal from denial of access to public records by the Plaintiff/Appellant, is DENIED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision and Judgment by reference in the docket.

DATED: September 12, 2014

Donald H. Marden
Superior Court Justice

11

| Date Filed | 6/13/14 | Kennebec County | Docket No. AP-14-41 | F |

Action: <u>Petition for Review</u>
       80C

**J. Marden**

MaineToday Media, Inc.            vs.       ~~State of Maine~~
                                               Maine State Police

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sigmund Schutz, Esq.<br>PO Box 9546<br>Portland, ME 04112-9546 | Christopher Parr, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |
| - Matthew Warner, Esq. | - Laura Yustak Smith, AAG<br>- Phyllis Gardiner, AAG<br><br>Erin Lundberg, Esq. (PII MECASA)<br>PO Box 547<br>Portland, ME 04112 |

Date of Entry

| | |
|---|---|
| 6/13/14 | - Appeal from Denial of Access to Public Records, filed. s/Schutz, Esq.<br>- Motion for Expedited Trial *De Novo*, Entry of Proposed Scheduling Order, and Order Specifying the Future Course of Proceedings, with Request for Hearing, filed. s/Schutz, Esq. |
| 6/25/14 | Acceptance of Service for State of Maine, Maine State Police. s/Shutz, Esq. |
| 6/27/14 | Phone Conference scheduled for Monday, June 30, 2014 at 2:30 p.m. with J. Marden on Motion for Expedited Trial. |
| 7/3/14 | Phone Conference held on 6/30/14. |
| 7/3/14 | Assented-To Motion to Substitute Maine State Police for State of Maine as Real Party in Interest, filed. s/Warner, Esq. |
| 7/7/14 | - Answer of Defendant, filed. s/Smith, AAG   s/Gardiner, AAG<br>- Defendant's Memorandum in Response to Plaintiff's Motion for Expedited Trial, filed. s/Smith, AAG   s/Gardiner, AAG |
| 7/7/14 | SCHEDULING ORDER, Marden, J.<br>Copy to Atty Schutz, AAG Parr, AAG Smith, AAG Gardiner |
| 7/9/14 | Assented To Motion to Amend Exhibit 1 to Plaintiff's Appeal from Denial of Access to Public Records, filed. s/Schutz, Esq. |

Page 1     AP-14-41

| | |
|---|---|
| 7/9/14 | ORDER, Marden, J.<br>Plaintiff's Assented-to Motion to Amend Exhibit is is GRANTED.<br>The clerk is directed to replace Exhibit 1 in the Complaint with Exhibit 1 attached to Plaintiff's motion.<br>Copy to Atty Schutz, AAG Parr, AAG Smith, AAG Gardiner |
| 7/15/14 | ORDER, Marden, J.<br>Scheduling Order dated 7/7/14 is Rescinded. |
| 7/15/14 | CORRECTED SCHEDULING ORDER, Marden, J.<br>Copy to Atty Schutz, AAG Parr, AAG Smith, AAG Gardiner |
| 7/15/14 | ORDER, Marden, J.<br>Plaintiff's Assented-to Motion to Substitute Maine State Police for State of Maine is GRANTED. The Maine State Police will be substituted for the State of Maine as the Defendant/Appellee in this action.<br>Copy to Atty Schutz, AAG Parr, AAG Smith, AAG Gardiner |
| 7/24/14 | Letter advising that Attorney McKee represents Eric Nason, and that Mr. Nason objects to the release of any information sought by the Plaintiff, and objects to the release of any correspondence between Mr. Nason, the officer at issue and/or the officer's attorney, filed. s/McKee, Esq. |
| 7/29/14 | - Stipulated Record and Additional Stipulated Facts, with Exhibits 1-10, filed 7/28/14. s/Gardiner, AAG<br>- Maine State Police confidential records, under seal, for *in camera* review, with Index to Confidential Documents, filed 7/28/14. s/Gardiner, AAG |
| 7/29/14 | Letter indicating areas of disagreement regarding certain specified documents, Affidavit of Maeghan Maloney, and Docket Records submitted under seal, filed. s/Gardiner, AAG |
| 7/30/14 | Letter indicating areas of disagreement and Affidavit of Michael Shepherd, filed. s/Warner, Esq. |
| 8/5/14 | Letter indicating Defendant Maine State Police consents to the filing of an *amicus* brief by Pine Tree Legal Assistance, filed. s/Smith, AAG |
| 8/7/14 | Motion for Leave to File Amicus Brief, filed. s/Lundberg, Esq. |
| 8/14/14 | MaineToday Media, Inc.'s Hearing Memorandum, filed 8/11/14. s/Schutz, Esq. |
| 8/15/14 | ORDER on Motion for Leave to File Amicus Brief, Marden, J. (5/14/14)<br>The Maine Coalition Against Sexual Assault's Motion for Leave to File Amicus Brief is GRANTED.<br>Copy to Atty Schutz, Atty Warner, AAG Parr, AAG Smith, AAG Gardiner, Atty Lundberg |

| 8/20/14 | Phone conference held on 8/14/14. Marden, J.<br>Participating: Matt Warner, Esq. for Plaintiff. Laura Yustak Smith, AAG and Phyllis Gardiner, AAG for Defendant. |
|---------|---|

8/20/14     ORDER, Hearing/Conference Record, Marden, J. (8/14/14)
Subject: Affidavit of witnesses and attachments / scheduling order.
Shephard and Maloney affidavits and attachments-objections sustained, amend scheduling order -- Def's brief due Aug. 22, plaintiff's response to Aug. 29. Trial, including testimony if desired--Sept. 5, 2014 at 10:00 am. Request to impound selected records is denied. Request to disclose docket #'s is denied.
Copy to Atty Schutz, Atty Warner, AAG Parr, AAG Smith, AAG Gardiner

8/20/14     ORDER, Marden, J. (8/14/14)
Objections sustained as to both affidavits. Parties may call as witnesses.
Copy to Atty Schutz, Atty Warner, AAG Parr, AAG Smith, AAG Gardiner

8/20/14     Trial scheduled on 9/5/14 at 10:00.
Notice sent to Atty Schutz, Atty Warner, AAG Parr, AAG Smith, AAG Gardiner, Atty Lundberg

8/25/14     Defendant/Appellee's Hearing Memorandum, filed 8/22/14. s/Smith, AAG

8/25/14     MaineToday Media's Reply to Brief of Amicus Curiae, filed. s/Schutz, Esq.

8/28/14     Amicus Brief for the Maine Coalition Against Sexual Assault, filed 8/26/14. s/Lundberg, Esq.

8/28/14     MaineToday Media, Inc.'s Reply Memorandum, filed. s/Schutz, Esq.

9/4/14     Updated Affidavit of Michael Shepherd, w/ attachments, filed. s/Warner, Esq.

9/4/14     Letter advising that parties are withdrawing objections to admissibility of each party's proposed affidavits and attached exhibits, do not anticipate the need for a testimonial hearing, and are prepared to go forward with oral argument, filed. s/Smith, AAG

9/12/14     Oral argument held 9/5/14. J. Marden presiding.
Tape 1900, Index 6157-6545 and Tape 1941, Index 50-985.
Under advisement.

9/12/14     DECISION ON APPEAL, Marden, J.
Appeal from denial of access to public records by the Plaintiff/Appellant is DENIED.
Copy to Atty Schutz, Atty Warner, AAG Parr, AAG Smith, AAG Gardiner, Atty Lundberg
Copy to Repositories.